**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**ALAN M. OUTMAN,**

                **Plaintiff,**          **Civil Action No.**
                                                             **9:14-CV-0540 (TJM/DEP)**

    v.

**JOANN WALDRON,** *et al.***,**

                **Defendants.**

---

**THOMAS J. McAVOY**
**Senior United States District Judge**

## DECISION & ORDER

**I.    INTRODUCTION**

This *pro se* action brought pursuant to 42 U.S.C. § 1983 was referred to the Hon. David E. Peebles, United States Magistrate Judge, for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).

In his February 29, 2016 Report and Recommendation, Dkt. No. 69, Magistrate Judge Peebles recommends that Defendants' motion for summary judgment (Dkt. No. 55) be denied. Defendants filed objections to the recommendation. Dkt. No. 70.

**II.    STANDARD OF REVIEW**

When objections to a magistrate judge's report and recommendation are lodged, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b)(1); see also United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir.

1

1997) (The Court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings.). After reviewing the report and recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b).

## III. DISCUSSION

The Court has considered Defendants' objections and completed a *de novo* review of the issue raised by the objections.

The fact that Defendant Waldron did not respond to Plaintiff's December 19, 2003 letter does not mean, *a fortiori*, that Waldron did not receive the letter. Indeed, when construing the facts in the light most favorable to Plaintiff, a presumption arises that Plaintiff's letter was delivered to Waldron. As Magistrate Judge Peebles correctly points out, Waldron's receipt of the letter, and thus a basis for her personal involvement, is a question of fact that cannot be resolved in Waldron's favor on this motion. *See* Rep. Rec. pp. 13-14.

The Court also does not agree with Defendants' contention that a factual basis for Waldron's personal involvement has not been established because the evidence indicates at most, that Waldron merely ignored a request for an investigation. Def. MOL, p. 2. While the "[c]ourts have consistently held that, if an official receives a letter from an inmate and passes it on to a subordinate for response or investigation, the official will not be deemed personally involved with respect to the subject matter of the letter," Lloyd v. City of

New York, 43 F. Supp. 3d 254, 268 (S.D.N.Y. 2014)(collecting cases) (internal quotation marks omitted),  Waldron, the OMH Unit Chief Forensic I at the OMH Satellite Unit at Clinton Correctional Facility, contends she never received the letter.  There is no contention that she referred the issue raised by Plaintiff's letter to a subordinate for response or investigation.

Because Plaintiff alleges he wrote to Defendant Waldron explaining his need for immediate treatment for his depression and suicidal thoughts yet received no response, "Plaintiff sufficiently alleges personal involvement of Defendant [Waldron] . . ., and his claim [that Defendants deprived him of constitutionally adequate medical care and failed to protect him from self-harm in connection with a suicide attempt in December 2013] cannot be dismissed."  Cruz v. Lee, 14CV4870NSRJCM, 2016 WL 1060330, at *6 (S.D.N.Y. Mar. 15, 2016); see Williams v. Smith, 781 F.2d 319, 323-24 (2d Cir. 1986)(A supervisory defendant may be personally involved in a constitutional deprivation within the meaning of 42 U.S.C. § 1983 if he or she: (1) directly participated in the violation; (2) failed to remedy the violation after learning of it through a report or appeal; (3) created a custom or policy fostering the violation or allowed the custom or policy to continue after learning of it; or (4) was grossly negligent in supervising subordinates who caused the violation, including where he or she directly participated in the infraction and where, after learning of the violation, failed to remedy the wrong.) (internal citations omitted); see also Morgan v. Ward, 2016 WL 427913, at *6 (S.D.N.Y. Feb. 2, 2016) (citing Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995)).

Accordingly, the Court accepts and adopts Magistrate Judge Peebles' recommendation for the reasons stated in his thorough report.

**IV. CONCLUSION**

For the reasons discussed above, the Court accepts and adopts Magistrate Judge Peebles' Report and Recommendation, Dkt. No. 69, in its entirety.  Accordingly, Defendants' motion for summary judgment, Dkt. No. 55, is DENIED.

**IT IS SO ORDERED.**

Dated: March 24, 2016

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge