**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

ALAN M. OUTMAN,[1]

        **Plaintiff,**

vs.                                              9:14-CV-540
                                                          (MAD/DEP)

JOANN WALDRON, *Unit Chief, CNYPC*; VICTORIA
CHASE, *Rehab Counselor II, CNYPC*; and PATRICK
MCCOY, *Registered Nurse, CNYPC*,

        **Defendants.**

---

**APPEARANCES:**                           **OF COUNSEL:**

**WHITEMAN, OSTERMAN & HANNA, LLP**     **CHRISTOPHER E. BUCKEY, ESQ.**
99 Washington Avenue                             **NICHOLAS J. FASO, ESQ.**
Albany, New York 12260                           **TARA L. MACNEILL, ESQ.**
Attorneys for Plaintiff

**OFFICE OF THE NEW YORK STATE**         **KELLY L. MUNKWITZ, AAG**
**ATTORNEY GENERAL**                                  **CHRISTOPHER W. HALL, AAG**
The Capitol                                                **CHRISTOPHER J. HUMMEL, AAG**
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff, a prisoner in the custody of the New York State Department of Corrections and

Community Supervision ("DOCCS"), commenced this action in May of 2014, alleging that

---

[1] Plaintiff filed a petition for name change in Tompkins County Court to change Plaintiff's name to Sara Kiely. *See* Dkt. No. 101 at 1 n.1. The petition was transferred to Seneca County Court and is currently under review. As noted in the Text Minute Entry of Magistrate Judge Peebles entered on April 20, 2016, the Court will be sensitive to Plaintiff's transgender status and name to be referred to at trial. In this Memorandum-Decision and Order, the caption lists Plaintiff's current legal name, Alan Outman, but the Court will refer to Plaintiff using feminine pronouns where appropriate.

Defendants were deliberately indifferent to her serious medical needs and failed to protect her in violation of the Eighth Amendment to the United States Constitution. *See* Dkt. No. 1. Specifically, Plaintiff alleges that, while at Clinton Correctional Facility ("Clinton C.F.") in December of 2013, and as an outpatient of the Office of Mental Health ("OMH") at the satellite unit inside the prison, she informed Defendants that he was hoarding medication and had suicidal thoughts. Despite these warnings, Plaintiff continued to receive her medication for the next several days, which she continued to hoard. Further, Plaintiff claims that, "despite multiple documents in Plaintiff's mental health record indicating she had a history of cheeking pills, OMH referrals recognizing Plaintiff's history of overdose, and psychiatric records indicating that medications should be crushed to prevent hoarding, Defendants failed to provide Plaintiff with medications in a safe manner." Dkt. No. 94 at 6-7. Plaintiff alleges that, "[a]s a result of Defendants' deliberate indifference to Plaintiff's mental health crisis and impending risk of suicide, Plaintiff overdosed on her psychiatric medication on or about December 22, 2013 in an attempt to take her own life." *Id.* at 7.[2]

Currently before the Court is Plaintiff's motion *in limine* seeking the following relief: (1) an order "precluding any evidence of Plaintiff's criminal conviction, sentence, and the type, nature and circumstances of the offense and redacting such information from documents submitted as evidence;" (2) an order permitting Plaintiff to appear at trial in civilian clothing and without shackles or restraints in front of the jury; (3) an order precluding Defendants from providing expert opinion testimony beyond the confines of the rules applicable to treating physicians; and (4) an order "granting Plaintiff such other and further relief as the court may deem just and

---

[2] For a complete recitation of the relevant factual background, reference is made to Magistrate Judge Peebles' February 29, 2016 Report and Recommendation in which he recommended that the Court deny Defendants' motion for summary judgment. *See* Dkt. No. 69.

proper." Dkt. No. 101. Defendants have only opposed the motion as it pertains to introducing evidence of Plaintiff's criminal conviction. *See* Dkt. No. 107.

## II. DISCUSSION

**A.     Motions** *in limine*

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility of certain forecasted evidence. *See Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984); *see also Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). A court should exclude evidence on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds. *See Baxter Diagnostics, Inc. v. Novatek Med., Inc.*, No. 94 Civ. 5220, 1998 WL 665138, *3 (S.D.N.Y. Sept. 25, 1998). Courts considering a motion *in limine* may reserve decision until trial so that the motion is placed in the appropriate factual context. *See Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996). Alternatively, the court is "free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling" at trial as "the case unfolds, particularly if the actual testimony differs from what was contained in the [movant's] proffer." *Luce*, 469 U.S. at 41-42.

**B.     Plaintiff's conviction**

According to Plaintiff, she has been incarcerated since the Fall of 2012 for Murder in the First Degree, to which she pleaded guilty. *See* Dkt. No. 101-1 at 6. Plaintiff is serving a sentence of twenty-five (25) years to life for the murder of her ex-fiancé. *See id.* Plaintiff contends that Defendants should not be permitted to introduce evidence of his underlying conviction because it is highly prejudicial and, as a crime of violence, it is minimally probative of Plaintiff's

3

trustworthiness. *See id.* at 9-10.

Defendants, however, contend that Plaintiff's crime and the details surrounding it are central to her claims in this case. *See* Dkt. No. 107 at 3. Defendants anticipate that the evidence "will reveal that triggers such as approaching anniversaries and remorse over killing an alleged loved one are significant factors when evaluating an individual's mental health. Yet, [P]laintiff did not reveal these issues to a single [D]efendant." *Id.* While Defendants dispute that Plaintiff informed them that she was having suicidal thoughts and that they should have known that Plaintiff was in danger of self harm, even assuming they had such knowledge, Defendants argue that her "failure to reveal critical information weighs in favor of Plaintiff's claims that their actions were objectively reasonable." *Id.*

Rule 609 of the Federal Rules of Evidence vests broad discretion in the district court to admit or exclude evidence of prior convictions. *See United States v. Pedroza*, 750 F.2d 187, 202 (2d Cir. 1984). Rule 609(a) provides that:

> (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
>
> > (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and
> >
> > (B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and
>
> (2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving – or the witness's admitting – a dishonest act or false statement.

Fed. R. Evid. 609(a).

"The Rule requires district courts to admit the name of a conviction, its date, and the

4

sentence imposed unless the district court determines that the probative value of that evidence 'is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'" *United States v. Estrada*, 430 F.3d 606, 621 (2d Cir. 2005) (quotation omitted). In "balancing the probative value against prejudicial effect under [Rule 609], courts examine the following factors: (1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness." *Daniels v. Loizzo*, 986 F. Supp. 245, 250 (S.D.N.Y. 1997) (citing *United States. v. Hayes*, 553 F.2d 820, 828 (2d Cir. 1977)) (other citation omitted). "Although all of these factors are relevant, '[p]rime among them is [the first factor, *i.e.*,] whether the crime, by its nature, is probative of a lack of veracity.'" *United States v. Brown*, 606 F. Supp. 2d 306, 312 (E.D.N.Y. 2009) (quoting *United States v. Ortiz*, 553 F.2d 782, 784 (2d Cir. 1977)). "[C]rimes of violence generally have limited probative value concerning the witness's credibility' and . . . theft 'crimes have greater impeachment value[.]'" *Estrada*, 430 F.3d at 618 (quotation omitted).

     In the present matter, the Court finds that it must reserve decision on this issue. Although crimes of violence generally have less probative value concerning a witness's credibility, the situation in this case is unique. Plaintiff has alleged that she attempted suicide because of depression that was caused, at least in part, by thoughts of the victim of her crime. Further, in her deposition, Plaintiff testified that she was particularly depressed in December of 2013 because the "actual anniversary" of her crime of conviction was approaching. *See* Dkt. No. 107-2 at 67. Her depression was further exacerbated because she was "dealing with the depression and anxiety and knowledge that I had killed the person that I loved, and that I had intended to spend the rest of my

life with." *Id.*

In this case, Plaintiff claims that Defendants were deliberately indifferent to her serious mental health needs. To succeed on this claim, Plaintiff must establish, among other things, that Defendants knew that there was a strong likelihood that Plaintiff would attempt suicide and that they disregarded this risk. Further, Plaintiff must establish that she "had a 'particular vulnerability to suicide.'" *Woloszyn v. County of Lawrence*, 396 F.3d 314, 320 (3d Cir. 2005) (quoting *Colburn v. Upper Darby Township*, 946 F.2d 1017, 1023 (3d Cir. 1991)). "[T]here must be a strong likelihood, rather than a mere possibility, that self-inflicted harm will occur." *Id.* at 320 (citation omitted). Since Plaintiff's "particular vulnerability to suicide" is a key issue in this matter, and because Plaintiff has alleged that his depression was caused, at least in part, by his underlying conviction, the underlying criminal conviction is a particularly probative of facts at issue.

However, since the admissibility of this evidence is a particularly fact-intensive inquiry, the Court will reserve judgment until trial. As such, defense counsel shall refrain from making any reference to the statutory name of Plaintiff's conviction, the sentence imposed, or the underlying facts of the conviction during opening statements. Counsel may, however, reference the fact that Plaintiff has been convicted of a felony and is presently incarcerated. *See Wilson v. Deluca*, No. 9:11-cv-30, 2014 WL 3778579, *3 (N.D.N.Y. July 31, 2014); *Tatum v. Clarke*, No. 11-cv-1131, 2015 WL 6392609, *3 (E.D. Wis. Oct. 22, 2015).

**C.     Remainder of Plaintiff's motion**

Since Defendants have indicated that they do not anticipate offering expert opinion testimony beyond the confines of the rules applicable to treating physicians, Plaintiff's motion to preclude such testimony is denied without prejudice to renew. Further, as set forth during the

6

final pretrial conference, Plaintiff's request to wear civilian clothing and not be required to wear shackles is granted.

### III. CONCLUSION

Having carefully considered the entire record in this matter, the parties submissions and the applicable law, the Court hereby

**ORDERS** that Plaintiff's motion *in limine* is **GRANTED in part, DENIED in part, and RESERVED ON in part**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 19, 2016
      Albany, New York

*(signature)*
Mae A. D'Agostino
U.S. District Judge